UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES VON SCHOPPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 16-11831-FDS |
| ) | |
| ATKINSON WHITWORTH, d/b/a ) | |
| JET-A-WAY; TEAMSTERS LOCAL 25; ) | |
| and MARK LESSARD, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This is an employment dispute arising out of an alleged wrongful termination. Plaintiff Charles Von Schoppe was an employee of Atkinson-Whitworth Corporation, d/b/a Jet-A-Way; he was also a drug addict. He was terminated by Jet-A-Way after he took time off to seek inpatient treatment at a drug and alcohol treatment center. He alleges that Jet-A-Way discriminated against him on the basis of disability in violation of Mass. Gen. Laws ch. 151B, and that his union, Teamsters Local 25, and its business agent, Mark Lessard, violated their duties of fair representation by failing to pursue a grievance, seek arbitration, or seek a hearing concerning his termination.

Defendants Teamsters Local 25 and Lessard have moved to dismiss the fair representation claim on the grounds that the claim is time-barred and that the claim cannot be brought against Lessard as an individual union business agent. For the following reasons, the motion will be granted.

I.    **Background**

    A.    **Factual Background**

Charles Von Schoppe was employed by Atkinson-Whitworth Corporation, d/b/a Jet-A-Way, as a solid-waste disposal driver from April 2004 until his termination on August 1, 2013. (Compl. ¶ 6). Throughout his employment, Von Schoppe was a drug addict. (Compl. ¶ 9).

The employees of Jet-A-Way were represented by the Teamsters union, Local 25. (Compl. ¶¶ 3–4). Mark Lessard was the union business agent. (Compl. ¶ 4).

On June 10, 2013, Von Schoppe worked with a representative of the Teamsters Local 25 Employee Assistance Plan to begin inpatient care at a drug and alcohol treatment center in Worcester, Massachusetts. (Compl. ¶ 11). That same day, he informed Lessard that he was ill and needed to seek medical treatment. (Compl. ¶ 12). According to the complaint, Lessard told Von Schoppe that he would inform the owner and president of Jet-A-Way, Rolando Jeter, that Von Schoppe was ill and receiving medical treatment, but never did. (*Id.*). Approximately ten days later, Von Schoppe was terminated for gross insubordination. (Compl. ¶ 14).

According to the complaint, Lessard refused to pursue a grievance against Jet-A-Way, or seek arbitration or a hearing of any kind regarding the termination. (Compl. ¶ 15). Instead, according to the complaint, Lessard entered into an agreement with Jet-A-Way to bypass the protections available to Von Schoppe under the collective bargaining agreement. (Compl. ¶ 20).

    B.    **Procedural Background**

On May 20, 2016, Von Schoppe filed the complaint in this action in the Massachusetts Superior Court. The complaint alleged that (1) defendant Jet-A-Way discriminated against him on the basis of his disability in violation of Mass. Gen. Laws ch. 151B (Count 1) and (2) defendants Teamsters Local 25 and Mark Lessard violated their duties of fair representation by

failing to file a grievance or arbitrate or seek a hearing regarding plaintiff's termination by Jet-A-Way (Count 2).  On September 8, 2016, defendants removed the action to this Court.

Defendants Teamsters Local 25 and Lessard have now moved to dismiss Count 2 on the grounds that the fair representation claim is time-barred and that Lessard is immune for liability for such a claim.  For the following reasons, defendants' motion to dismiss will be granted.

## II.     Legal Standard

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twom*bly, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.    Analysis

A fair representation claim is subject to the six-month limitations period set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).  Because the claim here accrued in the summer of 2013, and the complaint was not filed until March 2016, it is time-barred.

It is well-established that hybrid § 301/fair representation claims—that is, claims alleging

both that an employer breached a collective bargaining agreement and that a union violated its duty of fair representation—are subject to the six-month limitations period of § 10(b). *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 172 (1983).[1] Although the First Circuit has not addressed the precise issue, the majority of circuits (as well as lower courts in this circuit) have held that the §10(b) six-month limitations period also applies to stand-alone fair representation claims such as the one brought here. *See, e.g., Spencer v. Local 26*, 941 F. Supp. 2d 193, 196 (D. Mass. 2013) (citing cases and holding that six-month limitations period applies to stand-alone fair representation claims). As the *Spencer* court explained, for stand-alone fair representation claims, "there is no obviously analogous state law statute of limitations (such as for breach of contract) from which federal courts could borrow in lieu of the six-month limitations period announced in § 10(b)." *Id.* Furthermore, "the key considerations which compelled the *DelCostello* decision are fully applicable" in stand-alone fair-representation claims: "[D]uty of fair representation claims bear a 'family resemblance' to unfair labor practice claims which also allege arbitrary, unfair and discriminatory treatment, and they implicate a national interest in the collective-bargaining system because they determine a union's obligations vis-à-vis its employees and the employer." *Id.*

In an analogous context, the First Circuit has held that plaintiffs may not evade the limitations period of § 10(b) simply by bringing stand-alone claims against unions. *See Linnane v. General Elec. Co.*, 948 F.2d 69, 74 (1st Cir. 1991). In *Linnane*, the plaintiff, who had been a vocal critic of his union, was terminated by GE following an injury. *Id.* at 70. The union did not

---

[1] It is unclear from the complaint whether plaintiff asserts a fair representation claim under federal or state law. The Court will assume it is a federal claim, as any state-law claim based upon a union's duty of fair representation is preempted by the National Labor Relations Act, 29 U.S.C. § 159(a). *Bergeron v. Henderson*, 52 F. Supp. 2d 149, 153 (D. Mass. 1999) (citing *BIW Deceived v. Local 56, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 830 (1st Cir. 1997)).

process his grievance, and instead reached an agreement with GE in which the union withdrew his grievance in exchange for GE's ceasing to oppose his application for unemployment benefits. *Id.* The plaintiff then brought a free speech retaliation claim against the union under the Labor Management Reporting Disclosure Act ("LMRDA"). *Id.* His original complaint also alleged that GE had violated the terms of its collective bargaining agreement, but that claim was later withdrawn. *Id.* The First Circuit held that although the case was now a "stand-alone" LMDRA claim, the claim nonetheless was subject to the six-month limitations period of § 10(b). *Id.* at 74. The court concluded that despite the absence of a § 301 claim against GE, "'[a]ny resolution of Linnane's free speech claim would cast a shadow upon the allegedly secret agreement between GE and the Union and perhaps upon the legitimacy of Linnane's initial discharge from GE, as well. Such a result might chill future dispute-resolution agreements between management and labor." *Id.*

That same reasoning applies here. The complaint alleges that Lessard failed to fairly represent plaintiff because he entered into an agreement with Jet-A-Way to bypass the protections available to him under the collective bargaining agreement. (Compl. ¶ 20). As in *Linnane*, resolving the question of whether Lessard fairly represented plaintiff would call into question the alleged agreement between the union and Jet-A-Way, and might chill future attempts at dispute resolution. Thus, plaintiff's fair representation claim is subject to the six-month limitations period of § 10(b).

It is clear that the complaint alleging the fair representation claim was filed long after the applicable six-month limitations period had expired. The limitations clock begins to run "when the plaintiff knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing." *Arriaga-Zayas v. International Ladies' Garment Workers' Union-P.R. Council*,

835 F.2d 11, 13 (1st Cir. 1987).  According to the complaint, Lessard allegedly refused to grieve, arbitrate, or seek a hearing regarding plaintiff's termination in June and August of 2013. Plaintiff filed the complaint in this action on May 20, 2016, nearly three years after he knew or reasonably should have known of the union's alleged wrongdoing.  The fair representation claim is therefore time-barred.

Because Count 2 is dismissed as time-barred, the Court does not reach the issue whether fair representation claims may be brought against individual union agents or members, a question that has not been directly addressed by the First Circuit.

## IV.     Conclusion

Accordingly, and for the forgoing reasons, defendants' motion to dismiss Count 2 of the complaint is GRANTED.

**So Ordered.**

Dated:  December 2, 2016

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge